**Collin MYRLIE, Appellant,**

v.

**COUNTRYWIDE BANK; Countrywide Home Loans, a subsidiary of Bank of America (f/k/a Countrywide Financial Corporation) Headquarters in Calabasas CA, USA, a New York Corporation, Appellees.**

**No. 11–2774.**

United States Court of Appeals, Eighth Circuit.

Submitted: March 22, 2012.

Filed: March 27, 2012.

Patrick Boyle, Christopher Parrington, Skjold & Barthel, argued, Minneapolis, MN, for Appellant.

Benjamin Everett Gurstelle, Brent R. Lindahl, Mark Gregory Schroeder, Briggs & Morgan, argued, Minneapolis, MN, for Appellees.

Before LOKEN, BOWMAN, and BENTON, Circuit Judges.

PER CURIAM.

Collin Myrlie appeals from the order of the District Court[1] denying his motion filed under Rule 60(b) of the Federal Rules of Civil Procedure seeking relief from the adverse grant of summary judgment on his complaint against the mortgage company and bank involved in the foreclosure sale of his home. Following careful review, we see no abuse of discretion in the District Court's conclusion that Myrlie did not

---

1. The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

present newly discovered evidence or exceptional circumstances warranting relief. *See Arnold v. Wood,* 238 F.3d 992, 998 (8th Cir.) (standard of review), *cert. denied,* 534 U.S. 975, 122 S.Ct. 400, 151 L.Ed.2d 304 (2001); *see also Harley v. Zoesch,* 413 F.3d 866, 871 (8th Cir.2005) ("Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress."); *Alpern v. UtiliCorp United, Inc.,* 84 F.3d 1525, 1536–37 (8th Cir.1996) (noting that where Rule 60(b)(2) relief was sought based on evidence discovered after a hearing on a summary judgment motion but before the court granted the motion, a party must have a justifiable excuse for not timely opposing the motion for summary judgment and must show that the evidence probably would have produced a different result).

Accordingly, we affirm.